# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3496

_____

Skit International, Ltd,                               *
                                                       *
    Plaintiff/Appellant,                           *
                                                       *
       v.                                        * Appeal from the United States
                                                       * District Court for the
DAC Technologies of Arkansas, Inc.,                    * Eastern District of Arkansas.
formerly known as DAC Technologies                     *
of America, Inc.; DAC Technologies                     *
Group International, Inc.,                              *
                                                       *
    Defendants/Appellees.                          *

_____

Submitted: April 13, 2007
Filed: May 22, 2007

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Skit International, Ltd. (Skit) brought this action against DAC Technologies of Arkansas, Inc. (DAC) seeking to have the judgment that DAC had obtained against it in state court set aside for lack of service and lack of personal jurisdiction. The

district court[1] dismissed the action for lack of jurisdiction under the Rooker-Feldman doctrine. Skit appeals, and we affirm.

On August 15, 2000 DAC, a Florida corporation, brought a breach of contract action in Pulaski County Circuit Court against Skit, a Hong Kong corporation, and Uni-Skit Technologies, Inc. (Uni-Skit), a California corporation. Summonses were served on Victor Lee, the registered agent for Uni-Skit. Attorney Mark Ross filed an answer and counterclaim on behalf of both companies and did not object to service or personal jurisdiction. The jury found in favor of DAC in August 2003, and a judgment was entered against Skit and Uni-Skit for $1,524,420.

Although Skit filed a notice of appeal, it moved to dismiss its appeal on April 12, 2004. The Arkansas Court of Appeals dismissed the appeal the following day. On January 6, 2005 Skit filed a motion in the circuit court to set aside the judgment as void for lack of personal jurisdiction, lack of service of summons, and lack of venue. Skit argued that it did not have minimum contacts with the forum state and that it had not been made aware of the lawsuit until late 2004, after judgment had been entered. It alleged that Victor Lee had not and could not accept service on behalf of Skit and that neither Skit nor Lee had authorized Ross to make an appearance on its behalf. After a hearing, the circuit court denied the motion on March 22, 2005.

On April 4, 2005 Skit filed another notice of appeal. It tendered the record to the clerk of the Arkansas Supreme Court on June 28, 2005, but the clerk refused to file it because the underlying motion to set aside the judgment appeared to have been untimely. Skit then filed a motion for rule on the clerk, asking the Arkansas Supreme Court to order the clerk to accept the record pursuant to Arkansas Supreme Court Rule 2-2. The supreme court denied the motion on September 8, 2005.

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Skit then filed this diversity action in federal district court seeking to have the state judgment against it declared null and void on the grounds that it was obtained without jurisdiction and without service of process. The parties filed cross motions for summary judgment. DAC argued that the federal action was barred by res judicata, and the district court granted it summary judgment on this basis.

Skit moved for reconsideration, arguing that the state circuit court's decision was not entitled to preclusive effect because Skit had not had a full and fair opportunity to appeal it due to the clerk's refusal to file the record. After ordering supplemental briefing, the district court dismissed Skit's claim for lack of subject matter jurisdiction under the Rooker-Feldman doctrine because Skit was improperly seeking federal appellate review of a state court judgment.

Skit appeals, arguing that it is not attempting to use the lower federal courts as a means of appellate review and that the Rooker-Feldman doctrine does not apply when a party has been unable to obtain state appellate review of the merits of the claim it brings before the federal court. It contends that the state judgment is void because Skit was not properly served with a summons and that the circuit court's finding that it had been served was erroneous. We review de novo a district court's determination that it lacks subject matter jurisdiction. Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004).

The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions. 28 U.S.C. § 1257; see also Simes, 354 F.3d at 827. A district court is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005).

Rather, Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it. Id. at 284.

Skit's federal complaint is in many ways a classic illustration of the cases covered by the Rooker-Feldman doctrine. On its face the complaint is denominated as an action for "collateral[] attack" on the Arkansas judgment and seeks to have that judgment declared void. This was the same relief sought by the plaintiffs in Rooker. 263 U.S. at 414. There, the Supreme Court noted that even if the state court judgment were erroneous, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." Id. at 415. As in Rooker, the alleged injury for which Skit seeks redress here stems directly from the state court judgment itself rather than from some separate injury caused by the defendant. See id. at 414-15; see also Exxon Mobile, 544 U.S. at 291; Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998) (noting distinction between "a federal claim alleging injury caused by a state court judgment" and "a federal claim alleging a prior injury that a state court failed to remedy"). Had the state court not entered a judgment against Skit and thereafter rejected its attempt to set aside the judgment for lack of service, Skit would have no injury in need of redress. See Garry v. Geils, 82 F.3d 1362, 1368 (7th Cir. 1996). Moreover, Skit's complaint calls upon the district court to "overturn an injurious state-court judgment," see Exxon Mobile, 544 U.S. at 292, on precisely the same grounds that Skit raised unsuccessfully to the state trial court: lack of service of process and lack of jurisdiction.[2]

Skit argues that because it was unable to obtain state appellate review of its lack of service claim, it is entitled to bring its challenge in federal court without implicating

---

[2]Skit also points out where it believes the state court erred. As an example, it states in its brief that the state court "apparently based its ruling on the defendant's assertion that Victor Lee's brother-in-law owned Skit, which has now been established . . . not to be true."

the Rooker-Feldman doctrine. Skit cites language in Simes v. Huckabee in which this court noted that Rooker-Feldman is triggered only when plaintiffs have had a "reasonable opportunity to raise their federal claims in state court."[3] 354 F.3d at 829. In Simes, we concluded that plaintiffs had not had such an opportunity because the state court had failed entirely to address the federal claims plaintiffs had raised. Id. at 829. Because the federal claims had not been dealt with in the state decision, subsequent consideration of them by a federal district court could not amount to appellate review of the state court's decision. See id. at 827, 830; cf. Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983) ("an issue that a plaintiff had no reasonable opportunity to raise cannot properly be regarded as part of the state case"). This does not mean, however, that state courts must "undertake extensive analysis" of every claim "in order for Rooker-Feldman to bar a later federal suit." Simes, 354 F.3d at 830.

In contrast to the circumstances in Simes, here Skit raised its service of summons argument to the state circuit court and that court specifically rejected it. See Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1148 (10th Cir. 2004) (refusing to entertain claim that state judgment violated notice statute where argument rejected by state court). Nowhere in Simes did we suggest that a state system must provide an *appellate* court decision on plaintiff's claims, and we decline to exempt from Rooker-Feldman a party whose appeal was not heard because it was considered untimely. See Davison v. Gov't of P.R., 471 F.3d 220, 223 (1st Cir. 2006); see also Rooker, 263 U.S. at 415 (remedy to erroneous state court decision is an "*appropriate and timely* [state] appellate proceeding") (emphasis added).

Skit urges us to find that its notice of appeal and attempt to file the record were not untimely under Arkansas law and that its appeal was therefore wrongfully denied

_____

[3]This requirement is not to be confused with the similar but more searching requirement for res judicata that a party have had a "full and fair opportunity to pursue its claim." See Garry, 82 F.3d at 1365, 1367 n.8.

by the Arkansas Supreme Court. This is precisely what the Rooker-Feldman doctrine was intended to prevent: federal review and rejection of a state decision. See Exxon Mobile, 544 U.S. at 291; see also Davison, 471 F.3d at 223. We conclude that neither this court nor the district court has jurisdiction to review the Arkansas Supreme Court's decision to deny Skit's motion for a rule on the clerk. Skit has not argued that Arkansas appellate procedures violated some independent federal right, but rather that the Arkansas courts erred in permitting the judgment against it to stand. Because Skit has alleged no injury apart from an allegedly erroneous state judgment, Skit is necessarily seeking appellate review of that judgment. Cf. Jordahl v. Democratic Party, 122 F.3d 192, 202 (4th Cir. 1997) (distinguishing between "actions seeking review of the state court decisions themselves and those cases challenging the constitutionality of the process by which the state court decisions resulted").

As the district court aptly observed, "[t]hat Skit argues for an exception to the Rooker-Feldman doctrine for cases decided by a state trial court but deemed unappealable by the state appellate court simply confirms that Skit is asking [the district court] to serve as a surrogate appellate court to review the decision of the Pulaski County Circuit Court." Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 2006 U.S. Dist. LEXIS 63091 at *10 (E.D. Ark. 2006). The Rooker-Feldman doctrine forbids lower courts from exercising such appellate review.

Accordingly, we affirm the judgment of the district court.

_____